# **EXHIBIT B**

5/28/2021 5:58 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 53943743
By: Lisa Thomas
Filed: 5/28/2021 5:58 PM

CAUSE NO. _____

| | | |
|---|---|---|
| **PHILLIP TRAN** | § | **IN THE DISTRICT COURT** |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **FIESTA MART, LLC** | § | |
| *Defendant.* | § | _____ **JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, PHILLIP TRAN, hereby becoming Plaintiff in the above-numbered and entitled cause of action and files this Plaintiff's Original Petition complaining of FIEST MART, LLC, Defendant, and would respectfully show unto the Court as follows:

### PARTIES

1. Plaintiff is an individual residing in Fort Bend County, Texas.

2. Defendant FIESTA MART, LLC is a domestic for-profit limited liability company doing business in Harris County, Texas. Defendant may be served with process herein by serving the registered agent on file, CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201. Defendant may be served via certified mail, return receipt requested.

### JURISDICTION AND VENUE

3. Venue is proper in Harris County, Texas, pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1), in that all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County, Texas.

### DISCOVERY CONTROL PLAN

4. Plaintiff intends that discovery in this case will take place pursuant to Level 2 of the Tex. R. Civ. P. 190.3.

## STATEMENT OF FACTS

5. On or about July 3, 2019, Plaintiff was an invitee at Defendant's store located at 5235 Katy Freeway, Houston, Texas 77007 in Harris County, Texas. Due to the negligent manner in which Defendant maintained the area, Plaintiff slipped and fell and sustained serious injuries. Plaintiff did nothing to contribute to this incident for which Defendant is fully responsible. At the time and at all times relevant, Defendant owned and controlled the premises.

## CLAIMS FOR RELIEF

6. At the time and on the occasions in question, Defendant managed, maintained, occupied, controlled, leased, operated, and/or owned the Fiesta Mart located a 5235 Katy Freeway, Houston, Texas 77007. In setting up and maintaining the store, Defendant and its employees failed to use ordinary care by various acts of omissions and/or commissions, including but not limited to the following, each of which singularly or in combination, was a proximate cause of the incident in question:

   a. In failing to monitor the condition of the floor in the store;
   b. In failing to promptly clean the floor;
   c. In failing to properly train its employees;
   d. In failing to warn others that a dangerous condition existed;
   e. In creating a hazard to others; and
   f. In failing to properly dry the wet floor.

7. Each of these acts and omissions by Defendant, singularly or in combination with others, constitutes negligence, which proximately caused the occurrence made the basis of this action and Plaintiff's damages.

8.  Nothing Plaintiff did or failed to do was a proximate or contributing cause of the incident made the basis of this suit.

## PREMISES LIABILITY

9.  Plaintiff was an invitee on the premises in question managed, maintained, occupied, controlled, leased, operated, and/or owned by Defendant. Defendant knew, or in the exercise of ordinary care, should have known of an unreasonable dangerous condition existing on the floor, which posed an unreasonable risk or harm to the general public, including Plaintiff, but failed to inspect and make safe or adequately warn of the condition.

10. Each of these acts and omissions by Defendant, singularly or in combination with others, constitutes negligence, which proximately caused the occurrence made the basis of this action and Plaintiff's damages.

## DAMAGES

11. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured. Further, to the extent, if any, that Plaintiff suffered from any pre-existing condition, if any, the collision, at a minimum, aggravated and/or worsened such condition to the point that it became symptomatic or more symptomatic than it was before the collision. The negligence of Defendant has proximately caused Plaintiff to suffer the following elements of damages in the past and Plaintiff will, in all reasonable probability continue to suffer such elements of damage in the future:

   a)  Medical care and expenses;

   b)  Physical and mental pain and anguish;

   c)  Physical impairment;

   d)  Disfigurement; and

   e)  Loss of wage-earning capacity.

Plaintiff has suffered damages from Defendant's wrongful conduct described herein. As discussed in this Petition, Plaintiff has suffered not only easily quantifiable economic damages but also other forms of damages such as mental anguish, and pain and suffering, and will likely continue to suffer these damages in the future. Both the Constitution of the United States and the Constitution of the State of Texas provide Plaintiff with the inalienable fundamental right to have his case heard and decided by a jury of his peers at trial. In accordance with these fundamental rights, it will ultimately be the responsibility and province of a jury of Plaintiff's peers to decide the economic value of the damages Plaintiff suffered as a result of Defendant's wrongful actions and omissions which form the basis of this lawsuit. However, as Plaintiff is required by law to state the maximum amount of damages he is seeking, Plaintiff believes that when the totality of his damages is considered, along with the wrongful nature of Defendant's conduct, it is possible that a jury may ultimately decide that Plaintiff's damages exceed two hundred-fifty thousand dollars, but it is unlikely that a jury would decide that Plaintiff's damages exceed one million dollars. Plaintiff therefore sues for a sum in excess of two hundred-fifty thousand dollars but not greater than one million dollars, to be determined by the jury in its sole discretion.

## JURY DEMAND/TRIAL SETTING

12.     Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff demands trial by jury and tenders the jury fee along with this filing.

## RULE 193.7 NOTICE

13.     You are hereby given notice pursuant to TEXAS RULE OF CIVIL PROCEDURE 193.7 of Plaintiff's intent to offer any and all documents produced by Defendant in response to any discovery request as evidence in any pretrial proceeding or at trial.

Case 4:21-cv-02159   Document 1-2   Filed on 07/02/21 in TXSD   Page 6 of 10

## PRESERVING EVIDENCE

14. Plaintiff hereby requests and demands that Defendant preserves and maintains all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit or the damages resulting there from, including statements, photographs, videotapes, audiotapes, surveillance or security tapes or information, business or medical records, incident reports, tenant files, periodic reports, financial statements, bills, telephone call slips or records, estimates, invoices, checks, measurements, correspondence, facsimiles, email, voice mail, text messages and evidence involving the incident in questions, and any electronic image or information related to the referenced incident or damages. Failure to maintain such items will constitute "spoliation" of the evidence.

## DESIGNATED E-SERVICE EMAIL ADDRESS

15. The following is the undersigned attorney's designated e-service email address for all e-served documents and notices, filed and unfiled, pursuant to TEX. R. CIV. P. 21(f)(2) & 21a: service@jkz.legal. This is the undersigned's only e-service email address and service through any other email address will be considered invalid.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, PHILLIP TRAN, respectfully prays that Defendant, FIESTA MART, LLC, be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**JOHN K. ZAID & ASSOCIATES**

By: /s/ R Bill

**JOHN K. ZAID**
State Bar No. 24037764
Email: john@zaidlaw.com
**RYAN E. BILL**
State Bar No. 24087038
Email: ryan@zaidlaw.com
**GREGORY M. GARVIN**
State Bar No. 24107003
Email: gregory@zaidlaw.com
16951 Feather Craft Lane
Houston, Texas 77058
Telephone: (281) 333-8959
Facsimile: (888) 734-1236
E-service: service@jkz.legal

**ATTORNEYS FOR PLAINTIFF**

6/28/2021 2:53 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 54850053
By: C Ougrah
Filed: 6/28/2021 2:53 PM

CAUSE NO. 2021-32472

| | | |
|---|---|---|
| PHILLIP TRAN | § | IN THE DISTRICT COURT OF |
|     Plaintiff, | § | |
| | § | |
| vs. | § | 125TH JUDICIAL DISTRICT |
| | § | |
| | § | |
| FIESTA MART, LLC | § | |
|     Defendant. | § | OF HARRIS COUNTY, TEXAS |

## DEFENDANT FIESTA MART, LLC'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant FIESTA MART, LLC, files this Original Answer to Plaintiff's Original Petition ("Petition"), and in support thereof, would respectfully show the Court the following:

### I. General Denial

1.    Under Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every allegation made against Defendant in Plaintiff's Petition.

### II. Affirmative Defenses

2.    Defendant asserts the affirmative defense of contributory negligence. The negligence of Plaintiff caused or contributed to Plaintiff's injures so that the claims are barred or, in the alternative, must be reduced in accordance with the relative degree of Plaintiff's own negligence. Defendant requests the trier of fact to determine Plaintiff's liability and percentage of responsibility pursuant to Texas Civil Practice & Remedies Code section 33.003.

3.    Defendant is entitled to all caps and limitations on damages pursuant to the Texas Civil Practice & Remedies Code.

4.    Defendant alleges that Plaintiff's injuries and/or damages were caused by an intervening event for which Defendant has no liability.

1

5.  Defendant affirmatively pleads that Plaintiff's injuries were caused by the actions or inactions of parties not under Defendant's control.

6.  Defendant affirmatively pleads the defense set forth in Texas Civil Practice and Remedies Code Section 18.091, requiring Plaintiff to prove Plaintiff's loss of earning, loss of contributions of a pecuniary value, and/or loss of earning capacity in the form of a net loss after reduction for income tax payments or unpaid tax liability on said loss or earning claim pursuant to any federal income tax law.

7.  To the extent that Plaintiff's medical expenses exceed the amount actually paid on Plaintiff's behalf to Plaintiff's medical providers, Defendant asserts the statutory defense set forth in Section 41.0105 of the Texas Civil Practice and Remedies Code. Thus, recovery of Plaintiff's medical or health care expenses is limited to the amount actually paid or incurred by or on behalf of Plaintiff.

8.  Plaintiff's claims for pre-judgment interest are limited by the dates and amounts set forth in Section 304.104 of the Texas Finance Code and Section 41.007 of the Texas Civil Practice & Remedies Code.

### III.  Jury Demand

9.  Defendant hereby exercises its rights to demand a trial by jury under Rule 216 of the Texas Rules of Civil Procedure on all issues triable by a jury.

### IV.  Prayer

FOR THESE REASONS, Defendant FIESTA MART, LLC respectfully prays that the Court enter a judgment that:

1. Dismisses all claims against Defendant FIESTA MART, LLC, incorrectly sued as FIESTA MART, INC. and orders that Plaintiff takes nothing by reason of Plaintiff's allegations.

2. Orders that Defendant recover all costs incurred in defense of Plaintiff's claims, and that Defendant' judgment against Plaintiff include the following:

   a. Costs of suit; and

   b. Such other and further relief, general and special, at law or in equity, to which Defendant may be justly entitled.

Respectfully submitted,
MEHAFFYWEBER, P.C.

By:/s/Maryalyce W. Cox
Maryalyce W. Cox
State Bar No. 24009203
Hannah M. Owens
State Bar No. 24084330
One Allen Center
500 Dallas, Suite 2800
Houston, Texas  77002
Telephone  - (713) 655-1200
Telecopier  - (713) 655-0222
maryalycecox@mehaffyweber.com

ATTORNEY FOR DEFENDANT
FIESTA MART, LLC.

## CERTIFICATE OF SERVICE

This will certify that a copy of the foregoing document was furnished to counsel for Plaintiff on June 28, 2021, pursuant to the Texas Rules of Civil Procedure.

*Maryalyce W. Cox*
Maryalyce W. Cox