Case 4:21-cv-02159   Document 20   Filed on 04/15/22 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
April 15, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PHILLIP TRAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 21-cv-02159 |
| | § | |
| FIESTA MART, LLC | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

Phillip Tran slipped on a puddle of water in the produce section of a Fiesta Mart supermarket and fell, sustaining injuries. Tran sued Fiesta Mart for premises liability. Fiesta Mart moved for summary judgment, arguing that the evidence does not raise an inference of actual or constructive notice of the water puddle that caused Tran's fall. Based on the pleadings, the motion, the record, and applicable law, the court grants the motion for summary judgment and enters final judgment by separate order. The reasons are set out below.

**I.    The Summary Judgment Standard**

"Summary judgment is appropriate only when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Shepherd ex rel. Est. of Shepherd v. City of Shreveport*, 920 F.3d 278, 282–83 (5th Cir. 2019) (quoting FED. R. CIV. P. 56(a)). "A material fact is one that might affect the outcome of the suit under governing law," and "a fact issue is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Renwick v. PNK Lake Charles, LLC*, 901 F.3d 605, 611 (5th Cir. 2018) (citations and internal quotation marks omitted). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion,"

1

and identifying the record evidence "which it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"When the moving party has met its Rule 56(c) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings." *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010). The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim. *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014). "A party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Lamb v. Ashford Place Apartments LLC*, 914 F.3d 940, 946 (5th Cir. 2019) (citation and internal quotation marks omitted). In deciding a summary judgment motion, "the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his or her favor." *Waste Mgmt. of La., LLC v. River Birch, Inc.*, 920 F.3d 958, 972 (5th Cir. 2019) (alterations omitted) (quoting *Tolan v. Cotton*, 572 U.S. 650, 656 (2014)).

**II.     The Summary Judgment Record**

The sole evidence that Fiesta Mart attaches to its motion for summary judgment is Phillip Tran's deposition. (Docket Entry No. 11-1). Tran attaches to his response: (1) his deposition; (2) the deposition of Ixayana Arroliga, the Fiesta Mart manager who responded after Tran fell; and (3) a photograph of the area after Tran fell and the store cleaned. (Docket Entries Nos. 18-2, 18-3, 18-4).

Tran argues that "he has not had an adequate opportunity for discovery before a summary judgment hearing as [Fiesta Mart] has provided incomplete discovery responses which require supplementation." (Docket Entry 18, at 3). Tran asserts that Fiesta Mart has "failed to produce the relevant surveillance video showing the slip and fall," "instead produc[ing] a video from a

2

nearby camera which did not include the relevant area of [Fiesta Mart], or images of the actual slip and fall." (*Id.*, at 4). Tran argues that video footage of the fall should exist because Fiesta Mart's manager "stated that all of the store (including the produce area) was under video surveillance" and that "there were video cameras (plural) present in the produce section of [Fiesta Mart]." (*Id.*, at 3–4) (citing Docket Entry No. 18-3, at 15)).

Tran mischaracterizes the manager's testimony. Arroliga testified that there are "video cameras in the produce section of [the] store," but that she was not "aware of" specific areas that were not under video surveillance. (Docket Entry No. 18-3, at 14). This testimony does not suggest that every inch of the store is subject to video surveillance. Fiesta Mart responds that it produced what recordings exist from the cameras in the produce area, but they do not show the area where Tran fell. (Docket Entry No. 19, at 2).

Tran has not pointed to any basis to infer Fiesta Mart has failed to search for, withheld, or intentionally destroyed, video recording of the area where Tran fell to prevent its use in this litigation. The court considers the evidence in the record before it in deciding this motion.

**III.   Analysis**

Under Texas law, Tran was Fiesta Mart's invitee and Fiesta Mart owed him a duty to exercise reasonable care to protect him from dangerous conditions in the store known or discoverable to it. *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998). To preclude summary judgment, Tran must point to record evidence that could show: (1) that Fiesta Mart had actual or constructive knowledge of the water puddle; (2) that the water puddle posed an unreasonable risk of harm; (3) that Fiesta Mart did not exercise reasonable care to reduce or eliminate that risk; and (4) that Fiesta Mart's failure proximately caused Tran's injuries. *Id.*

3

A plaintiff may satisfy the knowledge element in a slip-and-fall case by pointing to evidence showing that: "(1) the defendant caused the condition; (2) the defendant actually knew of the condition; or (3) 'it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it.'" *Robbins v. Sam's East, Inc.*, No. 21-20050, 2021 WL 3713543, at *1 (5th Cir. Aug. 20, 2021) (per curiam) (quoting *McCarty v. Hillstone Rest. Grp., Inc.*, 864 F.3d 354, 358 (5th Cir. 2017)).

Tran alleges that he was injured by a water puddle on the floor of the produce section. Fiesta Mart argues that there is no evidence that it knew or should have known about the puddle, much less that it was on notice for long enough to trigger a duty to mop it up. Tran argues that there are factual disputes material to determining whether Fiesta Mart knew of the puddle or whether it was on the floor long enough for Fiesta Mart to have constructive knowledge and a duty to take reasonable action to warn of the risk or remove it.

The summary judgment record does not support an inference that Fiesta Mart caused the puddle on the floor or had actual knowledge of its presence. Tran testified that he did not see the spill take place; he did not know how long the puddle had been on the floor before he slipped, and he did not know what caused it. (Docket Entry 18-2, at 27, 29–30).

Tran provides a photograph of the area where he slipped, taken after the incident and subsequent cleanup. (Docket Entry No. 18, at 4). The photo shows a red cart with several watermelons. (Docket Entry No. 18-4). Red carts are used only by Fiesta Mart employees or restock personnel. (Docket Entry 18-3, at 23). Tran argues that one of the watermelons in the cart was damaged, and that it was likely the source of the liquid that caused Tran's slip-and-fall.

There is no evidence to support Tran's post-hoc speculation about the source of the puddle on the ground. The photograph was taken after Tran fell. There is no evidence when the

watermelon cart was at that location, or that the cart was present before he fell. Nor is there any evidence that a fallen, smashed, or dripping watermelon created the puddle. Both Tran and a Fiesta Mart employee who responded testified that the liquid Tran slipped on was "just water." (Docket Entry No. 18-3, at 20; Docket Entry No. 18-2, at 27 (Q: "So, after you fell, do you—were you able to figure out what caused you to slip?" Tran: "Yeah, I know the water, yeah." Q: "And are you certain it was water, or was it another substance?" Tran: "I saw only water, so I don't see nothing else." Q: "Was—was it clear?" A: "I don't recall but, I mean, it's a pile of water." ... Q: [D]id it have a smell?" A: "No.")). There is no evidence of any watermelon pulp, seeds, or pink tint in the puddle. There is no evidence that any Fiesta Mart employee caused the water to be on the floor or had actual knowledge of it.

Nor does the summary judgment record raise a factual dispute as to constructive knowledge. Constructive knowledge "requires proof that an owner had a reasonable opportunity to discover the defect." *Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 567 (Tex. 2006). A court analyzes a "combination of proximity, conspicuity, and longevity"—the proximity of the premises owner's employees to the hazard, the conspicuousness of the hazard, and how long the hazard was in place. *Id.* at 567–68. For a premises owner to be charged with constructive knowledge, the dangerous condition must have "existed for some length of time." *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 815 (Tex. 2002). If the dangerous condition is conspicuous, "then an employee's proximity to the condition might shorten the time in which a jury could find that the premises owner should reasonably have discovered it." *Id.* at 816. "[I]f an employee was in close proximity to a less conspicuous hazard for a continuous and significant period of time, that too could affect the jury's consideration of whether the premises owner should have become aware of the dangerous condition." *Id.*

There is no evidence as to how long the puddle was on the floor before Tran fell, or that an employee was in the area just before he fell, precluding a potential jury finding of constructive knowledge. "Without some temporal evidence, there is no basis upon which the factfinder can reasonable assess the opportunity the premises owner had to discover the dangerous condition." *Reece*, 81 S.W.3d at 816; *see also Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 937–38 (Tex. 1998) (the plaintiff could not show notice because there was no evidence as to how long the dangerous condition had remained on the floor before the slip-and-fall).

The summary judgment evidence does not support an inference of notice to Fiesta Mart, triggering a duty to remove the water before Tran slipped. Summary judgment is granted.

### III.   Conclusion

Fiesta Mart's motion for summary judgment, (Docket Entry No. 19), is granted. Final judgment is entered by separate order.

SIGNED on April 15, 2022, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge